THIBODEAUX, Chief Judge,
dissenting
hi disagree with the majority’s affir-mance of Defendant’s jury conviction on very scant circumstantial evidence. I simply do not think the circumstantial evidence excluded every other reasonable hypothesis.
The State provided no evidence which could actually place Defendant at the crime scene beyond a reasonable doubt. The only witness to state the victim was raped was the detective whose first involvement in the case was more than twenty years after the victim’s death. Both Doctors Young and Tape refused to say that the victim was raped. The State’s DNA expert, Mr. Schiro, also refused to say that the victim was raped. The State’s entire argument for rape and murder was that Defendant lied about having sex with the victim. Because the State had DNA proof that Defendant did have sex, there was no other explanation but that Defendant raped and murdered the victim in her home, the State contends.
However, there was much countervailing evidence. There were more than twenty fingerprints. None belonged to Defendant. The only evidence placing Defendant at the crime scene was that his DNA was inside the victim. However, that does not show that he must have been in her apartment at the time of her death. The expert testimony indicated that sperm *544 could exist for nineteen days. There was no testimony that anyone had ever seen Defendant enter or exit the victim’s apartment. In summary, the State provided no evidence, forensic or 12otherwise, that could place Defendant inside the victim’s home at any point, let alone at the time of her death.
For the foregoing reasons, I respectfully dissent.